# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ARON TOLLIVER** | **CIVIL ACTION NO. 05-2128** |
| **VS.** | **SECTION P** |
| **VENETIA MICHAEL, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about December 9, 2005, by *pro se* petitioner Aron Tolliver. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Corrections Center, Homer, Louisiana, where he is serving a twenty-five year sentence imposed following his 2001 armed robbery conviction in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the petition is barred by the timeliness provisions of 28 U.S.C. §2244(d)(1).

## STATEMENT OF THE CASE

The petition, the amended petition, its accompanying exhibits and the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts:

1

On May 24, 2001, petitioner was convicted of armed robbery. On July 26, 2001, he was sentenced to serve 25 years at hard labor. [Doc. 1, paragraph 1; Doc. 6, p. 3]

Petitioner appealed his conviction and sentence to Louisiana's Second Circuit Court of Appeal arguing two assignments of error, (1) sufficiency of evidence, and (2) excessiveness of sentence. On May 8, 2002, his conviction and sentence were affirmed. See *State of Louisiana v. Aaron Tolliver*, Jr., 35,930 (La. App. 2d Cir. 5/8/02), 818 So.2d 310. Petitioner did not seek further direct review by filing an application for writ of *certiorari* in the Louisiana Supreme Court.[1]

On April 22, 2003, petitioner filed an Application for Post-Conviction Relief in the district court. [Doc. 6, pp. 3 and 5] The application was denied by the trial court on May 16, 2003. [Doc. 6, p. 3] On August 26, 2003, petitioner filed a petition for supervisory writs in the Second Circuit Court of Appeals. The matter was assigned docket number 38109-KH. [Doc. 6, p. 7] On September 25, 2003, the Second Circuit denied relief.

On some unspecified date, petitioner filed an application for supervisory or remedial writs in the Louisiana Supreme Court. On December 10, 2004, the writ application was denied. *State ex rel. Aaron Tolliver v. State of Louisiana*, 2003-3119 (La. 12/10/2004), 888 So.2d 827.

Petitioner's undated petition for writ of *habeas corpus* was mailed on December 9, 2005. [Doc. 1, p. 10]

## **LAW AND ANALYSIS**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

---

[1] The presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments associated with the review of the Second Circuit's judgment on direct appeal.

Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writs of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Nevertheless, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Section 2244(d)(1)(A) has been interpreted to provide that the state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United

---

[2] Nothing in the pleadings or record suggest that State created impediments prevented the timely filing of this petition; nor do the pleadings or record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally, nothing in the pleadings or record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

States Supreme Court has run (see Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)). "Direct review, which includes a petition for *certiorari* to the Supreme Court, occurs 'when the Supreme Court either rejects the petition for *certiorari* or rules on its merits.' *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003). If no petition is filed, then we examine the second method of creating finality, 'the expiration of the time for seeking such review.' *Id.* If a criminal defendant has pursued his direct appeal through the highest state court, then this period includes the 90 days for filing a petition for *certiorari* to the Supreme Court. *Id.* If not, then it includes the time for seeking further state-court direct review. *Id.* At the conclusion of these periods, the judgment becomes final." *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004)(emphasis supplied).

As shown above, the pleadings, exhibits, and published jurisprudence establish that petitioner did not seek further direct review of his conviction and sentence in the Louisiana Supreme Court. His judgment of conviction and sentence therefore became final by "...the expiration of the time for seeking such review..." Under Louisiana Supreme Court Rule X, §5(a), petitioner had a period of thirty days following the mailing of the judgment of the Court of Appeals within which to file his petition for *certiorari*.[3] The Second Circuit Court of Appeals affirmed petitioner's conviction on May 8, 2002. Thus, petitioner's judgment of conviction and sentence became final for AEDPA purposes thirty days later, or on or about June 8, 2002, when the Rule X delays for filing in the Supreme Court lapsed. Petitioner therefore had one year, or until June 8, 2003, to file his federal *habeas corpus* petition.

---

[3] Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

4

Petitioner was able to rely upon the statutory tolling provisions of § 2244(d)(2) by filing his Application for Post-Conviction Relief on April 22, 2003. However, by the time he filed the application a period of 318 days (or 10 months and 14 days) of the 365 day limitations period had already elapsed, and, as shown above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).[4]

The post-conviction proceeding tolled the limitations period throughout the time that it remained pending in the District Court, the Court of Appeals, and, up through and until December 10, 2004, when the Louisiana Supreme Court ultimately denied petitioner's writ application. See *State ex rel. Aaron Tolliver v. State of Louisiana*, 2003-3119 (La. 12/10/2004), 888 So.2d 827. Thereafter, another 364 days (or 11 months and 29 days) elapsed between the date that the post-conviction proceedings no longer remained pending and December 9, 2005, the date petitioner mailed his federal petition for *habeas corpus*. Thus, a period of 682 un-tolled days (more or less) elapsed between the date upon which petitioner's judgment of conviction became final and the date he filed his federal *habeas corpus* petition.

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to

---

[4] Neither petitioner's Request for Documents filed on August 13, 2002, nor the Motion for Production of Transcript filed on January 23, 2003, [see Doc. 6, p. 3] can be considered a "properly filed application for State post-conviction or other collateral review" so as to toll the AEDPA limitations period. See *Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); *Brisbon v. Cain*, 2000 Wl 45872, *2 (E.D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); see also *Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001), affirmed by *Myers v. Cain*, 55 Fed.Appx. 716 (5th Cir. 2002)(unpublished), *certiorari* denied by, *Myers v. Cain*, 538 U.S. 1020, 123 S.Ct. 1947, 155 L.Ed.2d 862 (2003).

present any "rare and exceptional circumstances" warranting the application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. *Id.* Moreover, even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).

Further, equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). Here, petitioner allowed almost a complete year to elapse between the date the Supreme Court denied writs and the date he filed his federal petition. In other words, petitioner was clearly not diligent in the pursuit of *habeas corpus* relief.

This petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, at Monroe, Louisiana on April 11th , 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE